UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

RICHARD DUCKETT,

                       Plaintiff,

            -against-

THE CITY OF NEW YORK, P.O. NEIL LAWSON, Shield No. 11184, Individually and in his Official Capacity, and P.O.'s "JOHN DOE" #1-10, Individually and in their Official Capacity (the name John Doe being fictitious, as the true names are presently unknown)

                       Defendants.

------------------------------------------------------------------X

**COMPLAINT**

**11-cv-04091 (WHP)**

**JURY TRIAL DEMANDED**

**ECF CASE**

      Plaintiff RICHARD DUCKETT, by his attorneys, COHEN & FITCH LLP, complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

      1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

      2.     This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

      3.     Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under U.S.C. §1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff RICHARD DUCKETT is an African-American male and has been at all relevant times a resident of the City and State of New York.

7. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, The City of New York.

9. At all times hereinafter mentioned, the individually named defendants P.O. NEIL LAWSON and P.O.s "JOHN DOE" #1-#10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with

the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

13.     On or about April 24, 2010 at approximately 12:27 p.m., plaintiff RICHARD DUCKETT was lawfully present in the vicinity of Lenox Avenue and W. 113th St. in New York County in the City and State of New York.

14.     At the aforesaid time and place plaintiff walked past defendant officers placing an individual under arrest.

15.     Plaintiff did not know, had no contact with, and does not remember ever having met or seen the separately apprehended individual.

16.     Despite having no contact with the separately apprehended individual at any time on April 24, 2010, defendants placed plaintiff under arrest, handcuffing his arms tightly behind his back and charging him with Criminal Sale of Marijuana in the Fourth Degree.

17.     At no time on April 24, 2010 did plaintiff possess, control, or sell any amount of marijuana, nor did he behave unlawfully in any way.

18. At no time on April 24, 2010 did defendants possess probable cause to arrest plaintiff.

19. At no time on April 24, 2010 did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff.

20. Thereafter plaintiff was transported to a nearby police precinct where he was subjected to an invasive strip search which revealed no evidence of criminal or unlawful activity whatsoever.

21. At no time on April 24, 2010 did defendants possess the particularized suspicion necessary to justify an invasive strip search.

22. As a result of his unlawful arrest, plaintiff RICHARD DUCKETT spent approximately eight (8) days in police custody and approximately one (1) year making numerous court appearances before the charges against him were dismissed on April 4, 2011.

23. In connection with his arrest, defendants filled out false and/or misleading police reports and forwarded them to prosecutors at the New York County District Attorney's Office.

24. Thereafter, defendants repeatedly gave false and misleading testimony regarding the facts and circumstances of plaintiff's arrest.

25. Specifically, defendants falsely alleged that plaintiff sold marijuana to a separately apprehended individual.

26. As a result of the foregoing, plaintiff RICHARD DUCKETT sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## <u>DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983</u>

27.	Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "26" with the same force and effect as if fully set forth herein.

28.	All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

29.	All of the aforementioned acts deprived plaintiff RICHARD DUCKETT of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

30.	The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

31.	The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

32.	Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

33. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34. As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

35. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

36. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37. Defendants misrepresented and falsified evidence before the New York County District Attorney.

38. Defendants did not make a complete and full statement of facts to the District Attorney.

39. Defendants withheld exculpatory evidence from the District Attorney.

40. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff RICHARD DUCKETT.

41. Defendants lacked probable cause to initiate criminal proceedings against plaintiff RICHARD DUCKETT.

42. Defendants acted with malice in initiating criminal proceedings against plaintiff RICHARD DUCKETT.

43. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff RICHARD DUCKETT.

44. Defendants lacked probable cause to continue criminal proceedings against plaintiff RICHARD DUCKETT.

45. Defendants acted with malice in continuing criminal proceedings against plaintiff RICHARD DUCKETT.

46. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings, specifically defendants knowingly alleged falsely that plaintiff sold marijuana.

47. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff RICHARD DUCKETT's favor on or about April 4, 2011 when the charges against him were dismissed.

48. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

## FOURTH CLAIM FOR RELIEF
## DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
## UNDER 42 U.S.C. § 1983

49. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "48" as if the same were more fully set forth at length herein.

50. Defendants created false evidence against plaintiff RICHARD DUCKETT, specifically defendants knowingly alleged falsely that plaintiff sold marijuana.

51. Defendants forwarded false evidence and false information to prosecutors in the New York County District Attorney's Office.

52. Defendants misled the prosecutors by creating false evidence against plaintiff RICHARD DUCKETT and thereafter providing false testimony throughout the criminal proceedings.

53. In creating false evidence against plaintiff RICHARD DUCKETT, in forwarding false evidence and information to prosecutors, and in providing false and misleading sworn statements, defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

54. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

## FIFTH CLAIM FOR RELIEF
## UNLAWFUL AND UNREASONABLE
## SEARCH UNDER 42 U.S.C. § 1983

55.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56.     As a result of the forgoing plaintiff RICHARD DUCKETT was subjected to an unreasonable and intrusive strip search that shocks the conscience in violation of his due process rights as set forth in the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States

57.     As a result of the aforesaid conduct by defendants, plaintiff's person and possessions were illegally, improperly, and unreasonably searched without a valid warrant, probable cause, privilege or consent, in violation of his constitutional rights as set forth in the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

## SIXTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

58.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "57" as if the same were more fully set forth at length herein.

59.     Defendants arrested and incarcerated plaintiff RICHARD DUCKETT in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

60.     The acts complained of were carried out by the aforementioned individual

defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

61. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

62. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

      i. fabricating evidence against innocent persons erroneously arrested during buy-and- bust operations;

      ii. arresting innocent persons wrongfully apprehended during buy-and-bust operations;

      iii. arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing;

63. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following civil rights actions filed against the City of New York:

- **Julio Diaz v. City of New York,** United States District Court, Southern District of New York, 08 CV 6399;

- **Frank Douglas v. City of New York,** United States District Court, Southern District of New York, 03 CV 6475;

- **Darnell Flood v. City of New York,** United States District Court, Southern District of New York, 03 CV 10313;

- **Theodore Richardson v. City of New York, et al**, United States District

Court, Eastern District of New York, 02 CV 3651;

- **Phillip Stewart v. City of New York,** United States District Court, Southern District of New York, 05 CV 2375;

- **Benyamin Taylor v. City of New York,** United States District Court, Eastern District of New York, 01 CV 5750;

- **Horace Taylor v. City of New York**, United States District Court, Southern District of New York, 03 CV 6477;

- **Angel Vasquez v. City of New York,** United States District Court, Eastern District of New York, 05 CV 3552;

- **Alvin Williams v. City of New York**, United States District Court, Southern District of New York, 05 CV 4013;

64. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff RICHARD DUCKETT.

65. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by RICHARD DUCKETT as alleged herein.

66. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff RICHARD DUCKETT as alleged herein.

67. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff RICHARD DUCKETT was incarcerated unlawfully for eight (8) days and all

charges were dismissed on or about April 4, 2011.

68. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff RICHARD DUCKETT.

69. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff RICHARD DUCKETT's constitutional rights.

70. All of the foregoing acts by defendants deprived plaintiff RICHARD DUCKETT of federally protected rights, including, but not limited to, the right:

    i. Not to be deprived of liberty without due process of law;

    ii. To be free from seizure and arrest not based upon probable cause;

    iii. To be free from unwarranted and malicious criminal prosecution;

    iv. Not to have cruel and unusual punishment imposed upon him; and

    v. To receive equal protection under the law.

71. As a result of the foregoing, plaintiff RICHARD DUCKETT is entitled to compensatory damages in the sum of one million dollars ($1,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of one million dollars ($1,000,000.00).

**WHEREFORE**, plaintiff RICHARD DUCKETT demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs, and disbursements of this action.

Dated: New York, New York
June 10, 2011

                                            BY:_____/S_____
                                            JOSHUA FITCH
                                            COHEN & FITCH LLP
                                            Attorneys for Plaintiff
                                            225 Broadway, Suite 2700
                                            New York, N.Y. 10007
                                            (212) 374-9115
                                            jfitch@cohenfitch.com